## 2184CV01267 Smith, Leo vs. Home Depot Inc et al

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 06/01/2021
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Negligence - Personal Injury / Property Damage
- Status Date:
- 06/01/2021
- Case Judge:
- 
- Next Event:
- 



All Information | Party | Tickler | Docket | Disposition

### Party Information

**Smith, Leo**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Semenza, Esq., Stephen |
| | - Bar Code |
| | - 694745 |
| | - Address |
| | - Kelly and Associates |
| | 83 Atlantic Ave |
| | Suite 202 |
| | Boston, MA  02110 |
| | - Phone Number |
| | - (617)807-0855 |

**More Party Information**

**Home Depot Inc**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

**Home Depot USA Inc (As Amended)**
- Defendant

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Martin Malone, Esq., Kelly |
| | - Bar Code |
| | - 640048 |
| | - Address |
| | - Adler Pollock and Sheehan |
| | 175 Federal St |
| | Boston, MA  02110 |
| | - Phone Number |
| | - (617)482-0600 |

**More Party Information**

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 06/01/2021 | 08/30/2021 | 90 | |
| Answer | 06/01/2021 | 09/29/2021 | 120 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Rule 12/19/20 Served By | 06/01/2021 | 09/29/2021 | 120 | |
| Rule 12/19/20 Filed By | 06/01/2021 | 10/29/2021 | 150 | |
| Rule 12/19/20 Heard By | 06/01/2021 | 11/29/2021 | 181 | |
| Rule 15 Served By | 06/01/2021 | 09/29/2021 | 120 | |
| Rule 15 Filed By | 06/01/2021 | 10/29/2021 | 150 | |
| Rule 15 Heard By | 06/01/2021 | 11/29/2021 | 181 | |
| Discovery | 06/01/2021 | 03/28/2022 | 300 | |
| Rule 56 Served By | 06/01/2021 | 04/27/2022 | 330 | |
| Rule 56 Filed By | 06/01/2021 | 05/27/2022 | 360 | |
| Final Pre-Trial Conference | 06/01/2021 | 09/26/2022 | 482 | |
| Judgment | 06/01/2021 | 06/01/2023 | 730 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 06/01/2021 | Attorney appearance<br>On this date Stephen Semenza, Esq. added for Plaintiff Leo Smith | | |
| 06/01/2021 | Case assigned to:<br>DCM Track F - Fast Track was added on 06/01/2021 | | |
| 06/01/2021 | Original civil complaint filed. | 1 | Image |
| 06/01/2021 | Civil action cover sheet filed. | 2 | Image |
| 06/01/2021 | Demand for jury trial entered. | | |
| 07/12/2021 | Party status:<br>Defendant Home Depot Inc: Inactive; | | |
| 07/12/2021 | Amended: amended complaint filed by Leo Smith<br><br>Applies To: Smith, Leo (Plaintiff); Semenza, Esq., Stephen (Attorney) on behalf of Smith, Leo (Plaintiff) | 3 | Image |
| 07/12/2021 | Docket Note: 7/12/21 One Summon by mail | | |
| 08/31/2021 | Service Returned for<br>Defendant Home Depot USA Inc (As Amended): Service through person in charge / agent; (Filed on 08/30/2021) | 4 | Image |
| 09/28/2021 | Attorney appearance<br>On this date Kelly Martin Malone, Esq. added for Defendant Home Depot USA Inc (As Amended) | | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Pending | | |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 21-1267H | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY  Suffolk Superior Court (Boston) |

| Plaintiff | Leo Smith | Defendant: | The Home Depot |
|---|---|---|---|
| ADDRESS: | 77 Sagamore Street | ADDRESS: | Registered Agent: CT Corporation |
| | Revere, MA 02151 | | 155 Federal Street, Suite 700 |
| | | | Boston, MA 02110 |
| Plaintiff Attorney: | Stephen Semenza, Esq. | Defendant Attorney: | |
| ADDRESS: | Kelly and Associates | ADDRESS: | |
| | 83 Atlantic Avenue, Suite 202 | | |
| | Boston, MA 02110 | | |
| BBO: | 694745 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☐ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

| | | |
|---|---|---|
| 1. Total hospital expenses | | $17,525.00 |
| 2. Total doctor expenses | | |
| 3. Total chiropractic expenses | | |
| 4. Total physical therapy expenses | | |
| 5. Total other expenses (describe below) | | $4,445.00 |
| Orthopedics | | |
| | Subtotal (1-5): | $21,970.00 |

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

JUN 01 2021

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

| | TOTAL (A-F): | $21,970.00 |
|---|---|---|

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Suffered serious personal injuries.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____   Date: _____

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X   /s/Stephen Semenza          Date:   May 25, 2021

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  SUPERIOR COURT DEPARTMENT
                                             CIVIL ACTION NO.:

                                             21 . 1267 H

_____
                                        )
LEO SMITH,                              )
                                        )
        Plaintiff,                      )
                                        )          SUFFOLK SUPERIOR COURT
v.                                      )            CIVIL CLERK'S OFFICE
                                        )                 FILED
THE HOME DEPOT, INC.,                   )
                                        )              JUN 0 1 2021
        Defendant.                      )
_____)          MICHAEL JOSEPH DONOVAN
                                                      CLERK OF COURT

## COMPLAINT

Now comes the Plaintiff, Leo Smith, by and through his attorney states as follows:

## PARTIES

1.     The Plaintiff, Leo Smith, is a natural person residing at 77 Sagamore Street,

Revere, MA 02151.

2.     The Defendant, The Home Depot, Inc., is a Foreign Corporation, with its

Registered Agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston,

Massachusetts 02110.

## FACTS

3.     This action arises from a personal injury incident that occurred on June 26, 2020

when the Plaintiff, while shopping at the Home Depot, 1100 Revere Beach Parkway, Chelsea,

Massachusetts, lifted sod that stuck him and traveled under his skin.

4.     At the time of the incident, the Plaintiff was unaware there was a wire protruding

from the bottom of the sod.

5.      There were no warnings or signs indicating the danger regarding the sod at the Home Depot.

6.      The Plaintiff suffered serious personal injuries.

### COUNT ONE – NEGLIGENCE

7.      Plaintiff realleges and reavers the allegations set forth in Paragraph 1 through Paragraph 6 of this Complaint and incorporates same by reference as fully stated herein.

8.      The Plaintiff's injury was caused by the negligence of The Home Depot for that, among other acts and omissions, The Home Depot:

      a.      Failed to properly inspect the premises wherein the Plaintiff was caused to cut himself as a result of the wire protruding from the sod.

      b.      Failed to maintain the premises in a good and safe condition for the Plaintiff and others;

      c.      Failed to otherwise comply with the applicable laws and regulations of the State of Massachusetts and the applicable Federal laws and regulations.

      d.      Otherwise failed to exercise the degree of care required under the circumstances then and there existing; and

      e.      Otherwise was negligent.

9.      As a direct proximate result of the negligence of The Home Depot, the Plaintiff:

      a.      Suffered serious and painful bodily injuries, great physical pain and mental anguish, and severe and substantial emotional distress;

      b.      Was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

      c.      Was, is, and will be precluded from engaging in normal activities and pursuits; and

      d.      Otherwise was hurt, injured, and caused to sustain losses.

10.     All of the Plaintiff's losses were, are and will be solely to and by reason of the negligence of The Home Depot.

**WHEREFORE,** the Plaintiff prays judgment against Defendant as follows:

1.      For medical bills and pain and suffering;

2.      For interest and attorneys' fees; and

3.      For such other and further relief as the Court may deem proper.

## **PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE**

Dated: May 25, 2021                           Respectfully submitted by the Plaintiff,
                                              through his attorney,


                                              /s/Stephen Semenza
                                              Stephen Semenza, Esq.
                                              BBO #694745
                                              Kelly and Associates
                                              83 Atlantic Avenue, Suite 202
                                              Boston, MA 02110
                                              (617) 807-0855
                                              stephen@1800lawguys.com

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                           CIVIL ACTION NO.:  2184CV01267

LEO SMITH,                              )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )
                                        )
HOME DEPOT U.S.A., INC.,                )
                                        )
          Defendant.                    )

## AMENDED COMPLAINT

Now comes the Plaintiff, Leo Smith, by and through his attorney states as follows:

## PARTIES

1.      The Plaintiff, Leo Smith, is a natural person residing at 77 Sagamore Street,

Revere, MA 02151.

2.      The Defendant, Home Depot U.S.A., Inc., is a Foreign Corporation with its

Principal Office located at 2455 Paces Ferry Road, Atlanta, GA 30339.

## FACTS

3.      This action arises from a personal injury incident that occurred on June 26, 2020

when the Plaintiff, while shopping at a Home Depot, U.S.A., Inc. retailer located at 1100 Revere

Beach Parkway, Chelsea, Massachusetts, lifted sod that stuck him and traveled under his skin.

4.      At the time of the incident, the Plaintiff was unaware there was a wire protruding

from the bottom of the sod.

5.      There were no warnings or signs indicating the danger regarding the sod at the Home Depot U.S.A., Inc.

6.      The Plaintiff suffered serious personal injuries.

## COUNT ONE – NEGLIGENCE

7.      Plaintiff realleges and reavers the allegations set forth in Paragraph 1 through Paragraph 6 of this Amended Complaint and incorporates same by reference as fully stated herein.

8.      The Plaintiff's injury was caused by the negligence of Home Depot U.S.A., Inc. for that, among other acts and omissions, Home Depot U.S.A., Inc.:

      a.      Failed to properly inspect the premises wherein the Plaintiff was caused to cut himself as a result of the wire protruding from the sod.

      b.      Failed to maintain the premises in a good and safe condition for the Plaintiff and others;

      c.      Failed to otherwise comply with the applicable laws and regulations of the State of Massachusetts and the applicable Federal laws and regulations.

      d.      Otherwise failed to exercise the degree of care required under the circumstances then and there existing; and

      e.      Otherwise was negligent.

9.      As a direct proximate result of the negligence of Home Depot U.S.A., Inc. the Plaintiff:

      a.      Suffered serious and painful bodily injuries, great physical pain and mental anguish, and severe and substantial emotional distress;

      b.      Was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

      c.      Was, is, and will be precluded from engaging in normal activities and pursuits; and

      d.      Otherwise was hurt, injured, and caused to sustain losses.

10.      All of the Plaintiff's losses were, are and will be solely to and by reason of the negligence of Home Depot U.S.A., Inc.

**WHEREFORE,** the Plaintiff prays judgment against Defendant as follows:

1.  For medical bills and pain and suffering;

2.  For interest and attorneys' fees; and

3.  For such other and further relief as the Court may deem proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE

Dated: July 7, 2021

Respectfully submitted by the Plaintiff, through his attorney,


/s/Stephen Semenza
Stephen Semenza, Esq.
BBO #694745
Kelly and Associates
83 Atlantic Avenue, Suite 202
Boston, MA 02110
(617) 807-0855
stephen@1800lawguys.com

3

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2184CV01267 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Leo Smith | Defendant: | Home Depot U.S.A., Inc. |
|---|---|---|---|
| ADDRESS: | 77 Sagamore Street | ADDRESS: | 2455 Paces Ferry Road, |
| | Revere, MA 02151 | | Atlanta, GA 30339 |
| | | | |

| Plaintiff Attorney: | Stephen Semenza, Esq. | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Kelly & Associates | ADDRESS: | |
| | 83 Atlantic Avenue, Suite 202 | | |
| | Boston, MA 02110 | | |
| BBO: | 694745 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | ☒ YES    ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

   1. Total hospital expenses                                         $17,525.00

   2. Total doctor expenses    _____

   3. Total chiropractic expenses    _____

   4. Total physical therapy expenses    _____

   5. Total other expenses (describe below)    $4,445.00

     | Orthopedics |

                                   Subtotal (1-5):    **$21,970.00**

B. Documented lost wages and compensation to date    _____

C. Documented property damages to date    _____

D. Reasonably anticipated future medical and hospital expenses    _____

E. Reasonably anticipated lost wages    _____

F. Other documented items of damages (describe below)    _____

| |

                                  TOTAL (A-F):    **$21,970.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

| Suffered serious personal injury. |

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X | Date: |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

| |

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X   /s/Stephen Semenza | Date:   July 7, 2021 |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

4

| **Summons** | CIVIL DOCKET NO.<br>2184CV01267 | **Trial Court of Massachusetts<br>The Superior Court** |
|---|---|---|

CASE NAME:

Leo Smith

Plaintiff(s)

vs.

Home Depot U.S.A., Inc.

Defendant(s)

Michael Joseph Donovan                    Clerk of Courts

~~Plymouth~~  Suffolk                    County

COURT NAME & ADDRESS:

SUPERIOR CIVIL COURT

SUFFOLK COUNTY COURTHOUSE

THREE PEMBERTON SQ. 12th Floor

BOSTON, MASSACHUSETTS 02108

---

THIS SUMMONS IS DIRECTED TO Home Depot U.S.A., Inc (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square, Boston, MA (address), by mail or in person **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Stephen Semenza, Esq., Kelly & Associates, 83 Atlantic Ave, Suite 202, Boston, MA 02110

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the

---



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

August 17, 2021

I hereby certify and return that on 8/16/2021 at 8:30 AM I served a true and attested copy of the Summons, Amended Complaint, Interrogatories, Request for Production of Documents, Cover Sheet in this action in the following manner: To wit, by delivering in hand to Bernardo Montnaez, agent and person in charge at the time of service for Home Depot U.S.A. Inc., at Corporation Service Company 84 State Street Boston, MA 02109. Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($1.00) Total: $37.30

Deputy Sheriff  Joseph Casey

*Joseph P. Casey*

_____

*Deputy Sheriff*

---

Dated: _____

Signature: _____

---

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____